CRAIG B. GARNER (CA SBN 177971)
GARNER HEALTH LAW CORPORATION
475 Washington Blvd.
Marina Del Rey, CA 90292
Telephone: (310) 458-1560
Facsimile: (310) 694-9025
Email: craig@garnerhealth.com


Attorneys for PLAINTIFF HANY S. MALEK, D.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANY S. MALEK, a California resident, | Case No. |
| Plaintiff, | **COMPLAINT FOR** |
| v. | **1. BREACH OF CONTRACT** |
| | **2. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING** |
| RALPH JOHN AMATO, JR., a Florida resident; MILAGRO AMATO, a Florida resident; and DOES 1 through 20, inclusive, | **3. FRAUD** |
| | **4. CONTRACTUAL INDEMNITY** |
| Defendants. | **5. EQUITABLE INDEMNITY** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff HANY S. MALEK, D.C. ("Plaintiff") alleges in this Complaint (the "Complaint") against Defendants RALPH JOHN AMATO, JR., ("R. AMATO", an individual; MILAGRO AMATO ("M. ALMATO"), an individual and DOES 1 through 20, inclusive (the "Doe Defendants", together with R. Amato and M. Amato shall be sometimes referred to collectively as the "Defendants") as follows:

## THE PARTIES

**1.**     Plaintiff is an individual residing in the County of Los Angeles, State of California.

**2.**     Defendant R. Amato is, and at all times mentioned herein was, an individual residing in the State of Florida.

**3.**     Defendant M. Amato is, and at all times mentioned herein was, an individual residing in the State of Florida.

**4.**     The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff who therein names said Defendants designed herein as a fictitiously named Defendant, in some manner, liable for the obligations set forth below and Plaintiff will amend this Complaint to allege such true names and/or capacities when the same is ascertained.

**5.**     At all relevant times herein, unless otherwise indicated, Defendants were the agents and/or employees of each of the remaining Defendants and were at all times acting within the purpose and scope of said agency and employment, and each of the Defendants has ratified and approved the acts of the agent.

## JURISDICTION AND VENUE

**6.**     This Court has diversity jurisdiction under 28 U.S.C. § 1332 because this civil action involves citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

**7.**     This Court is the proper venue for this action pursuant to 8 U.S.C. § 1392(b) because a substantial part of the events or omissions giving rise to the

claims alleged herein occurred in this Judicial District, because one or more of the Defendants conducts a substantial amount of business in this Judicial District, and pursuant to 29 U.S.C. § 1132(e)(2) because it is the Judicial District in which the breach occurred.

**GENERAL ALLEGATIONS**

**8.** On or about July 31, 2020, Defendants R. Amato and M. Amato (collectively, the "Amato Defendants") entered an agreement with Plaintiff entitled Purchase Agreement for Corporate Stock (the "Purchase Agreement" or "Agreement"). A true and correct copy of the Purchase Agreement is attached hereto and incorporated herein by this reference as Exhibit A. Plaintiff and the Amato Defendants entered into the Purchase Agreement in the State of California for the sale of corporate stock in a California corporation operating a business in the State of California.

**9.** By its terms, the Purchase Agreement sought to sell all existing stock representing the ownership of Care Concepts, Inc., a California corporation ("Care Concepts"), from the Amato Defendants to Plaintiff. Prior to July 31, 2020, the Amato Defendants owned ONE HUNDRED PERCENT (100%) of all outstanding shares in Care Concepts and were the corporation's CEO and officers. The purchase price for the corporation was $190,000.00, which sum was fully tendered by Plaintiff into escrow.

**10.** Plaintiff is informed and believes, and based thereon alleges, that Care Concepts provided direct retail sales and delivery of medical supplies to medical patients, including Medicare and Medi-Cal patients. Petitioner is further informed and believes, and upon such information and belief, alleges that the Medicare and Medi-Cal percentage of Care Concepts' business is exceptionally high. Payment of Care Concepts' Medicare services is from the U.S. Treasury Department ("Treasury").

**11.** Defendants made the following representation in Section 5(c)(2) of the Purchase Agreement:

> There are no claims or investigations existing which would affect the Corporation or its assets or the transfer of good title, and all pending or threatened claims, investigations, disputes and litigation involving the Corporation have been disclosed.

**12.** With respect to governmental compliance, Defendants made the following representation and warranty in Section 5(d)(4): "There are no claims or investigations existing which would affect the Corporation or its assets or the transfer of good title, and all pending or threatened claims, investigations, disputes and litigation involving the Corporation have been disclosed."

**13.** With respect to governmental compliance, Defendants made the following representation and warranty in Section 5(d)(4): "Seller warrants that the existing medical provider numbers for Medicare & Medi-Cal numbers are in good standing. Seller warrants that there are no Medicare or Medi-Cal liens, balances or recoupments outstanding, due or in process as of 7-1-2020 which are related, affiliated or attached to any Medicare or Medi-Cal provider numbers for Care Concepts Inc."

**14.** The Purchase Agreement further provides that Amato Defendants will indemnify Plaintiff against any damages from governmental claims and that any dispute between the parties will be decided by binding arbitration as provided in the California Code of Civil Procedure and will include rights of discovery, with the prevailing party entitled to reasonable attorney fees and costs.

**15.** Escrow between Plaintiff and the Amato Defendants closed on or about August 27, 2020. Since that date, Plaintiff has been the CEO and holder of all outstanding shares in Care Concepts.

**16.** In April of 2021, Care Concepts did not receive payment for services to Medicare patients. Plaintiff is informed and believes, and based thereon alleges,

that that Care Concepts had been undergoing an audit prior to its close which determined an overpayment had been made to Care Concepts, and that any further funds owed to Care Concepts would be held for recoupment. Since that time, Care Concepts has not received any payment for services to Medicare patients and has had to cease servicing these patients.

17. Plaintiff is informed and believes, and based thereon alleges, that prior to Plaintiff's purchase of Care Concepts, the Amato Defendants obtained a new service provider number connected to a different location, the purpose of which was so the Treasury would pay Care Concepts without withholding any funds.

18. Based on review of the Treasury and third party collection services claims, Plaintiff is informed and believes, and based thereon alleges, that the total amount the Treasury sought to recoup as of December 31, 2022, was in excess of $180,000.

19. The Treasury also imposes interest on unpaid recoupment and interest continues to be accrue. The claims on which the Treasury seeks to recoup all relate to services provided by Care Concepts in 2019 and early 2020, before Plaintiff purchased the stock in Care Concepts.

20. Plaintiff has made written demand on the Amato Defendants to satisfy their obligations under the Purchase Agreement. As of the date Plaintiff filed the Complaint, the Amato Defendants have not satisfied their obligations under the Purchase Agreement, and the Amato Defendants have not satisfied the recoupment obligations whatsoever.

21. On or about February 21, 2023, Plaintiff's surety bonding company, Western Surety Company, paid the sum of $50,000.00 to CMS, an agent of Treasury. Plaintiff is informed and believes, and based thereon alleges, Plaintiff's bonding company will be making a direct claim for reimbursement of the surety bond, thus transferring legal detriment from the Amato Defendants to Plaintiff.

22.     Plaintiff is informed and believes, and based therein alleges, that he has suffered the following damages as a result of the actions by Defendants:

     **a.**     $190,000, which was the purchase price for the Purchase Agreement;

     **b.**     A claim for $50,000 from Western Surety Company;

     **c.**     Out of pocket expenses in connection with the purchase of Care Concepts in excess of $500,000; and

     **d.**     Lost Profits as a result of the monies recouped by the Treasury and the business Plaintiff anticipated in owning Care Concepts without any issues of recoupment, which is an amount in excess of $3,000,000.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract Against All Defendants)

23.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though set forth herein.

24.     Plaintiff and the Amato Defendants entered into the Purchase Agreement in or around July 2020.  At that time, Plaintiff and the Amato Defendants open an escrow account wherein Plaintiff deposited $190,000 for the purchase of all stock in Care Concepts.

25.     Subsequently, all documents required for the transaction to close, including an escrow account, were signed and the transaction to purchase Care Concepts closed on or about August 27, 2020.

26.     The Purchase Agreement required the Amato Defendants to deliver stock in care concepts without any outstanding "Medicare or Medi-Cal liens, balances or recoupments" as of July 31, 2020.

27.     Plaintiff has performed his obligations under the terms of the Purchase Agreement except those for which he was prevented through no fault of his own.

**28.** Plaintiff is informed and believes, and based thereon alleges, the Amato Defendants breached the Purchase Agreement by delivering Care Concepts to Plaintiff with outstanding Medicare recoupments, all of which were in place prior to the transfer of Care Concepts stock to Plaintiff.

**29.** As a proximate result of the breach of contract by Defendants, and each of them, Plaintiff has suffered damages in an amount according to proof at trial due to the purchase of Care Concepts, as well as the economic damages and business losses caused by the Amato Defendants but experienced by Plaintiff. This amount exceeds $3.7 million.

**30.** Additionally, Plaintiff has retained counsel to protect his rights and interest under the Purchase Agreement seeks to recover his reasonable attorney fees and costs according to proof at the time of trial.

## SECOND CLAIM FOR RELIEF

**(Breach of Covenant of Good Faith and Fair Dealing Against All Defendants)**

**31.** Plaintiff realleges and incorporates by reference each and every allegation of this Complaint as though set forth herein.

**32.** California law implies in every contract a covenant of good faith and fair dealing. The Agreement thus contains an implied covenant requiring that neither party do anything to deprive the other of the benefits of their agreement.

**33.** There is a covenant of good faith and fair dealing implied in the Agreement, in which the Amato Defendants represented to Plaintiff the "existing medical provider numbers for Medicare & Medi-Cal numbers are in good standing. Seller warrants that there are no Medicare or Medi-Cal liens, balances or recoupments outstanding, due or in process as of 7-1-2020 which are related, affiliated or attached to any Medicare or Medi-Cal provider numbers for Care Concepts Inc."

34.     The Amato Defendants breached the covenant of good faith and fair dealing in the Agreement, by, among other things, misrepresenting and concealing that status of the Medicare and Medi-Cal accounts receivable.

35.     As a direct and proximate result of the Amato Defendants wrongful conduct, Plaintiff has and continued to be damaged from the unlawful actions of the Amato Defendants in an amount no less than $3.7 million.

## THIRD CLAIM FOR RELIEF

### (Fraud Against All Defendants)

36.     Plaintiff realleges and incorporates by reference each and every allegation of this Complaint as though set forth herein.

37.     During negotiating the Agreement, the Amato Defendants made certain representations regarding the business of Care Concepts. Those representations were that Care Concepts had no outstanding governmental claims of recoupment. These representation were false.

38.     At all relevant times herein, Defendants, and each of them, knew the representations were false because as the CEO and officers of Care Concepts, they had knowledge of the recoupment claims. Plaintiff is informed and believes, and based thereon alleges, that Defendants obtained an additional Medicare provider number connected to a different location so they could continue to provide medical services to beneficiaries of Medicare and Medi-Cal without concern of any recoupment by the Treasury.

39.     Plaintiff is informed and believes, and based thereon alleges, that Defendants concealed the existence of two medical provider identification numbers so Plaintiff would not discover the recoupment claims. Had Plaintiff known about the recoupment claims, Plaintiff would not have entered into the Agreement, and Plaintiff would not have agreed to purchase stock in Care Concepts unless the recoupment claims were satisfied prior close of escrow.

40.     Plaintiff was justified in relying on the misrepresentations by Defendants because there were no records showing any audit and/or recoupment claim presented by Defendants, and each of them, to Plaintiff.  The Amato Defendants also made written representations in the Agreement upon which Plaintiff reasonably relied.

41.     As a proximate result of the misrepresentations by Defendants, and each of them, Plaintiff has been damaged in an amount no less than $3.7 million, and any and all costs and attorneys' fees Plaintiff has or may incur defending himself from either the Treasury or Western Surety Company claims, in a total amount according to proof at trial.

42.     As a further proximate result of the misrepresentations made by Defendants, and each of them, Defendants are guilty of fraud, malice and/or oppression as defined in California Civil Code Section 3294, and Plaintiff should recover, in addition to actual damages, punitive damages to make an example of, punish Defendants, and to deter fraud in the future in a sum according to proof at trial.

## FOURTH CLAIM FOR RELIEF

### (Contractual Indemnity Against All Defendants)

43.     Plaintiff realleges and incorporates by reference each and every allegation of this Complaint as though set forth herein.

44.     The Amato Defendants agreed to indemnity, defend and hold Plaintiff harmless from any damages resulting from the falsity of their representations. The Amato Defendants represented there were no recoupment claims against Care Concepts, when in fact there were over $180,000 in recoupment claims all dating to the ownership of Care Concepts by the Amato Defendants in 2019 and early 2020.

45.     As a consequence of the existence of recoupment claims by Treasury, Treasury and its agents have sought to collect the recoupment funds from Care

Concepts.  Plaintiff has already been damaged by the taking of his surety bond in the sum of $50,000.  Plaintiff is informed and believes, and based thereon alleges, Treasury and its agents will continue to make recoupments and/or bring suit against Care Concepts to recover the recoupment.

46.     Plaintiff is further informed and believes, and based thereon alleges, that Plaintiff's surety company will seek to recover the $50,000.00 it paid to CMS, the Treasury's agent.

47.     The Amato Defendants are contractually obligated to indemnify Plaintiff as the Agreement provides:

> Seller shall indemnify, defend and hold Buyer harmless from any
> damage resulting from the falsity of the above Seller
> Representations and Warranties or the breach of the above Seller
> Covenants.  Without limiting the above Representation, Warranties
> and Covenants or the rights or remedies available to the Buyer for
> their breach.  Seller hereby indemnifies, defends and holds Buyer
> harmless from all loss, liability, tax, expenses and/or damages
> resulting directly or indirectly from the assertion against Buyer or
> Corporation of claims by government or any person or other entity
> based on facts existing before Closing except as provided therein.

48.     Plaintiff is further informed and believes, and based thereon alleges, that Plaintiff's surety company will seek to recover the $50,000.00 it paid to CMS, the Treasury's agent.

49.     Plaintiff seeks a judicial declaration that Defendants must indemnify and hold him harmless from any damages resulting from the undisclosed recoupment claims by Treasury and its agents.

//

//

//

## FIFTH CLAIM FOR RELIEF

### (Equitable Indemnity Against All Defendants)

**50.**     Plaintiff realleges and incorporates by reference each and every allegation of this Complaint as though set forth herein.

**51.**     During negotiating the Agreement, the Amato Defendants represented to Plaintiff the status of the Medicare and Medi-Cal accounts receivable.

**52.**     The Amato Defendants agreed to indemnity, defend and hold Plaintiff harmless from any damages resulting from the falsity of their representations, or in the alternative, as a matter of equity, Plaintiff is entitled to such indemnification by the Amato Defendants.  The Amato Defendants represented there were no recoupment claims against Care Concepts, when in fact there were over $180,000 in recoupment claims all dating to the ownership of Care Concepts by the Amato Defendants in 2019 and early 2020.

**53.**     As a consequence of the existence of recoupment claims by Treasury, Treasury and its agents have sought to collect the recoupment funds from Care Concepts.  Plaintiff has already been damaged by the taking of his surety bond in the sum of $50,000.  Plaintiff is informed and believes, and based thereon alleges, Treasury and its agents will continue to make recoupments and/or bring suit against Care Concepts to recover the recoupment.

**54.**     Plaintiff is further informed and believes, and based thereon alleges, that Plaintiff's surety company will seek to recover the $50,000.00 it paid to CMS, the Treasury's agent.

**55.**     The Amato Defendants are equitably obligated to indemnify Plaintiff as set forth in the Agreement and pursuant to the allegations in this claim above.

**56.**     Plaintiff is further informed and believes, and based thereon alleges, that Plaintiff's surety company will seek to recover the $50,000.00 it paid to CMS, the Treasury's agent.

**57.** Plaintiff seeks a judicial declaration that Defendants must indemnify and hold him harmless from any damages resulting from the undisclosed recoupment claims by Treasury and its agents.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for relief as follows**:

**ON THE FIRST CLAIM FOR RELIEF:**

**A.** For damages according to proof for breach of contract in the amount of no less than $190,000.

**B.** For additional damages according to proof at trial for breach of contract the amount of no less than $3.5 million, including but not limited to compensatory and economic damages;

**C.** For pre-judgment and post-judgment interest in an amount according to proof at trial and as allowed by law.

**D.** For costs of suit incurred herein and attorneys' fees; and

**E.** For such other and further relief as the Court may deem just and proper.

**ON THE SECOND CLAIM FOR RELIEF:**

**A.** For general and compensatory damages according to proof at trial;, but no less than $3.7 million.

**B.** For pre-judgment and post-judgment interest in an amount according to proof at trial;

**C.** For costs of suit incurred herein and attorneys' fees; and

**D.** For such other and further relief as the Court may deem just and proper.

//

//

//

**ON THE THIRD CLAIM FOR RELIEF**:

    **A.**    For general and compensatory damages according to proof at trial;, but no less than $3.7 million;

    **B.**    For pre-judgment and post-judgment interest in an amount according to proof at trial;

    **C.**    For punitive and exemplary damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

    **D.**    For costs of suit incurred herein and attorneys' fees; and

    **E.**    For such other and further relief as the Court may deem just and proper.

**ON THE FOURTH CLAIM FOR RELIEF**:

    **A.**    For general and compensatory damages according to proof at trial;

    **B.**    For pre-judgment and post-judgment interest in an amount according to proof at trial;

    **C.**    For costs of suit incurred herein and attorneys' fees; and

    **D.**    For such other and further relief as the Court may deem just and proper.

**ON THE FIFTH CLAIM FOR RELIEF**:

    **A.**    For general and compensatory damages according to proof at trial;

    **B.**    For pre-judgment and post-judgment interest in an amount according to proof at trial;

    **C.**    For costs of suit incurred herein and attorneys' fees; and

    **D.**    For such other and further relief as the Court may deem just and proper.

//

//

**ON ALL CLAIMS FOR RELIEF:**

    **A.**    For costs of suit incurred herein;

    **B.**    For damages according to proof at trial against Defendants plus pre-judgment and post-judgment interest at the highest legal rate; and

    **C.**    For such other relief as the Court may deem just and proper.


                         Respectfully Submitted,

Dated: October 15, 2023        GARNER HEALTH LAW CORPORATION


                         By:*/s/ Craig B. Garner*
                             CRAIG B. GARNER
                         Attorneys for PLAINTIFF HANY S. MALEK, D.C.

# DEMAND FOR JURY TRIAL

Plaintiff Hany S. Malek, D.C. hereby demands a trial by jury in this action.

Respectfully Submitted,

Dated: October 15, 2023       GARNER HEALTH LAW CORPORATION

By:*/s/ Craig B. Garner*
       CRAIG B. GARNER
Attorneys for PLAINTIFF HANY S.
MALEK, D.C.