UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:23-cv-08683-MRA-MRW | Date | November 26, 2024 |
|---|---|---|---|
| Title | Hany S. Malek v. Ralph John Amato Jr. et al. | | |

| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED AND WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION**

Plaintiff Hany S. Malek ("Plaintiff") filed this case on October 15, 2023, against Defendants Ralph John Amato, Jr. and Milagro Amato ("Defendants"). ECF 1. On December 18, 2023, Defendants answered. ECF 21. The Court issued the Scheduling Order on February 5, 2024, setting the deadline for fact discovery on June 12, 2024, and the Final Pretrial Conference ("FPTC") for August 26, 2024. ECF 28. The case was reassigned to Judge Ramírez Almadani on February 23, 2024. ECF 31. On May 8, 2024, and June 3, 2024, the parties participated in mediation sessions but did not settle. ECF 36. On June 11, 2024, the Court granted the parties' first stipulation to continue pretrial dates. ECF 38. The discovery cut-off was continued to September 12, 2024, and the FPTC was continued to December 5, 2024. *Id.* On September 9, 2024, the Court granted the parties' second stipulation to continue pretrial dates. ECF 40. The discovery cut-off was continued to November 21, 2024, and the FPTC was continued to February 6, 2025. *Id.*

On November 18, 2024, Defendants filed an Ex Parte Application to Continue Trial Date and All Related Dates by 90 Days (the "Application"). ECF 42. The Application stated that Defendants' counsel had been unable to contact Plaintiff's counsel since September 5, 2024. *Id.* Defendants stated that they would be prejudiced if the trial and related dates were not continued because Defendants have not been able to conduct discovery given Plaintiff's absence. *Id.* at 7. Defendants' counsel also noted personal matters necessitating a continuance. *Id.* Accordingly, on November 20, 2024, the Court set a Status Conference to be held remotely on November 25, 2024. ECF 43. The Court held the Status Conference on November 25, 2024, and while Defendants' counsel appeared, Plaintiff's counsel did not. ECF 44.

It is the responsibility of the plaintiff to respond timely to all orders and to prosecute their case diligently. Plaintiff has failed to do so and shall answer for these failures and lack of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:23-cv-08683-MRA-MRW | Date | November 26, 2024 |
|---|---|---|---|
| Title | Hany S. Malek v. Ralph John Amato Jr. et al. | | |

diligence.

First, the Court may assess sanctions under its inherent power for the "willful disobedience of a court order." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *see also Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995). The Local Rules state that counsel "shall be present on the hearing date," L.R. 7-14, and that any party who does not intend to oppose a motion must file and serve a notice of non-opposition "immediately," L.R. 7-16. In addition to willful disobedience of a court order, violation of the Local Rules may also subject the offending party to sanctions as the Court may deem appropriate under the circumstances. L.R. 83-7.

Second, it is within the "inherent power" of the court to *sua sponte* dismiss a case for lack of prosecution to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *see also* F. R. Civ. P. 41(b). "Only 'unreasonable' delay will support a dismissal for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citing *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir.1980); *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976)). In deciding whether to dismiss a case for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Id.* (citations omitted).

Therefore, the Court **ORDERS** Plaintiff to **SHOW CAUSE** in writing why sanctions should not be imposed for Plaintiff's failure to appear at the November 25, 2024, Status Conference and failure to respond to the Ex Parte Application. In addition, the Court **ORDERS** Plaintiff to **SHOW CAUSE** in writing why this action should not be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Accordingly, Defendants' Ex Parte Application is denied as moot without prejudice.

**IT IS SO ORDERED.**

|  |  - : - |
|---|---|
|  | Initials of Deputy Clerk    gga |