UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:23-cv-08683-MRA-MRW | Date | January 7, 2025 |
|---|---|---|---|
| Title | Hany S. Malek v. Ralph John Amato Jr. et al. | | |

| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

<u>Gabriela Garcia</u>    <u>None Present</u>
Deputy Clerk    Court Reporter

<u>Attorneys Present for Plaintiffs:</u>    <u>Attorneys Present for Defendants:</u>
None Present    None Present

**Proceedings:**   **(IN CHAMBERS) SECOND ORDER TO SHOW CAUSE REGARDING DISMISSAL FOR LACK OF PROSECUTION**

Plaintiff Hany S. Malek ("Plaintiff") filed this case on October 15, 2023, against Defendants Ralph John Amato, Jr. and Milagro Amato ("Defendants"). ECF 1. On December 18, 2023, Defendants answered. ECF 21. The Court issued the Scheduling Order on February 5, 2024, setting the deadline for fact discovery on June 12, 2024, and the Final Pretrial Conference ("FPTC") on August 26, 2024. ECF 28. The case was reassigned to Judge Ramírez Almadani on February 23, 2024. ECF 31. On May 8, 2024, and June 3, 2024, the parties participated in mediation sessions, but the case did not settle. ECF 36. On June 11, 2024, the Court granted the parties' first stipulation to continue pretrial dates. ECF 38. The discovery cut-off was continued to September 12, 2024, and the FPTC was continued to December 5, 2024. *Id.* On September 9, 2024, the Court granted the parties' second stipulation to continue pretrial dates. ECF 40. The discovery cut-off was continued to November 21, 2024, and the FPTC was continued to February 6, 2025. *Id.*

On November 18, 2024, Defendants filed an Ex Parte Application to Continue Trial Date and All Related Dates by 90 Days (the "Application"). ECF 42. The Application stated that Defendants' counsel had been unable to contact Plaintiff's counsel since September 5, 2024. *Id.* Defendants stated that they would be prejudiced if the trial and related dates were not continued because Defendants had not been able to conduct discovery given Plaintiff's absence. *Id.* at 7. Defendants' counsel also noted personal matters necessitating a continuance. *Id.* Given these representations, on November 20, 2024, the Court set a Status Conference for November 25, 2024, to hear from the parties regarding the status of the case and to determine if a continuance was in fact needed. ECF 43. The Court held the Status Conference on November 25, 2024, and while Defendants' counsel appeared, Plaintiff's counsel did not. ECF 44.

On November 26, 2024, the Court issued an Order to Show Cause ("OSC") why sanctions should not be imposed against Plaintiff for Plaintiff's failure to appear at the Status Conference

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:23-cv-08683-MRA-MRW | Date | January 7, 2025 |
|---|---|---|---|
| Title | Hany S. Malek v. Ralph John Amato Jr. et al. | | |

and failure to respond to the Ex Parte Application. ECF 45. In addition, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *Id.* As explained in the OSC, it is the responsibility of the plaintiff to respond timely to all orders and to prosecute their case diligently. *Id.* As of the date of this Order, Plaintiff has not responded to the Court's OSC and has otherwise failed to answer for his absence and lack of diligence in prosecuting this case.

It is within the "inherent power" of the court to *sua sponte* dismiss a case for lack of prosecution to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *see also* F. R. Civ. P. 41(b). In deciding whether to dismiss a case, however, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Id.* (citations omitted).

The first two factors favor dismissal. Plaintiff has not responded to the November 26, 2024, OSC, did not appear for the November 25, 2024, status conference, and did not respond to Defendants' request to continue the trial date or its Ex Parte Application requesting the same. This delay in prosecuting the case is clearly unreasonable. Plaintiff's failure to prosecute interferes with the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("The pressing caseload in most district courts requires the cooperation of litigants in moving forward so that judicial resources are available to others. District judges are best situated to decide when delay in a particular case interferes with docket management and the public interest.").

The third factor also favors dismissal. Plaintiff has failed to rebut the presumption that Defendants have been prejudiced by this unreasonable delay in prosecuting the case. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law presumes injury from unreasonable delay."). Defendants represented in their Ex Parte Application that Plaintiff's counsel "has been non-responsive for over two months and at least 10 attempts to reach counsel by email and phone to secure either a new date for a mediation or a stipulation to extend the dates have been ignored." ECF 42 at 5. Specifically, as noted above, Defendants' counsel stated that he was last in contact

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-08683-MRA-MRW | Date | January 7, 2025 |
|---|---|---|---|
| Title | Hany S. Malek v. Ralph John Amato Jr. et al. | | |

with counsel for Plaintiff on September 5, 2024.  ECF 42-1 at 2.

While public policy favors disposition of cases on their merits, the fourth factor is neutral or favors dismissal, because Plaintiff is responsible for not diligently prosecuting the case and preventing the case from being resolved on the merits.  Defendants state in their Application that the parties previously "agreed to stay discovery" in order "to save costs and resources and instead agreed to jointly engage an independent third party who specializes in Medicare billing issues to perform a full audit of the Medicare billing issues, so the Parties can move forward to a resolution."  ECF 42 at 5.  The parties agreed to a further extension to complete settlement discussions "given that issuance of subpoenas was necessary."  *Id.*  However, "the non-responsiveness of Plaintiff's counsel" has "prevented Defendant from completing discovery and (hopefully) resolving the matter through mediation."  *Id.* at 7.  "Defendants have also served discovery and noticed the deposition of Plaintiff."  *Id.*  While Defendants have attempted to diligently participate in the litigation, it is not possible for the case to move forward without Plaintiff's cooperation.

Lastly, the last factor favors dismissal.  The Court has considered less drastic sanctions by permitting Plaintiff the opportunity to explain the delay in the case at the November 25, 2024, status conference.  ECF 44.  The Court also allowed Plaintiff to show cause in writing why sanctions should not be imposed, or the case should not be dismissed.  ECF 45.  Plaintiff did not appear at the status conference and has not filed a response to the OSC in 42 days.

For the foregoing reasons, the Court is prepared to dismiss the case with prejudice.  However, the Court will allow Plaintiff one final opportunity to file a detailed written response by **January 15, 2025**, that explains why dismissal with prejudice is not warranted, and why sanctions should not be imposed against Plaintiff for his failure to prosecute.  If Plaintiff fails to respond by the deadline, the case shall be immediately dismissed with prejudice.

**IT IS SO ORDERED.**

|  | - | : | - |
|---|---|---|---|
| | Initials of Deputy Clerk | gga | |